IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-cv-240

| | |
|---|---|
| JEFFREY DETIG,<br><br>   Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY;<br><br>   Defendant. | **COMPLAINT** |

Plaintiff, Jeffrey Detig, by and through counsel, states as his Complaint the following:

## INTRODUCTION

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.

2. This is an action for payment of long-term disability ("LTD") benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

## THE PARTIES

3. Plaintiff, Jeffrey Detig ("Plaintiff" or "Mr. Detig"), is a resident of Matthews, Union County, North Carolina.

4. Upon information and belief, Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is a foreign insurance company selling policies, insuring persons and conducting other business throughout the United States including, *inter alia*, substantial activity in Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

6.      Plaintiff is entitled to bring this action as a Participant within the meaning of ERISA, 29 U.S.C. §1002(7).

7.      Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## MR. DETIG'S DISABILTY CLAIM

8.      At all times relevant to this action, Mr. Detig was employed by Federal Express Corporation working in Charlotte, North Carolina.

9.      Based on his employment with Federal Express Corporation, Mr. Detig was, at all times relevant to this action, a participant of the FedEx Master Executive Council Long Term Disability Plan (hereafter "Plan"), and insured under a group policy or policies providing LTD insurance benefits (hereafter "Policy").

10.     On information and belief, Hartford is the insurance company that both administers and insures all of the benefits owed to Plaintiff under the Plan and/or Policy.

11.     On information and belief, Hartford is solely responsible for making all benefit determinations and for paying and providing all benefits under the Plan and/or Policy from Hartford's own funds.

12.     Mr. Detig has suffered from disabling medical conditions, including but not limited to Meige syndrome; which caused him debilitating symptoms, and required him to take medications which were aeromedically disqualifying under FAA regulations, and

precluded him from performing the material and substantial duties of his own occupation or any occupation with reasonable continuity.

13. Mr. Detig timely applied for benefits under the Plan and/or Policy from Hartford.

14. By letter dated December 15, 2021, Hartford denied Mr. Detig's LTD benefits.

15. Mr. Detig timely appealed Hartford's decisions to deny his benefits.

16. Mr. Detig submitted to Hartford voluminous evidence documenting his disability and his inability to perform his own occupation or any occupation, including without limitation: medical records documenting medical conditions and impairments, and statements from his treating physicians supporting his disability.

17. Mr. Detig provided credible evidence of his disability to Hartford such that the only reasonable conclusion from all of the evidence is that he was disabled and that he is entitled to benefits under the Policy.

18. By letter dated April 7, 2022, Hartford issued its appeal decision denying Mr. Detig's LTD benefits.

19. On or about March 29, 2024, Mr. Detig was determined to be medically qualified to resume his occupation of airline pilot. He returned to full-time work shortly thereafter.

## **HARTFORD'S UNREASONABLE BENEFIT DETERMINATIONS**

20. At all times relevant to this action, Mr. Detig has been disabled under the Policy and entitled to benefits as specified in the Policy.

21. Hartford's adverse decision to deny Mr. Detig's benefits is grossly wrong, without basis and contrary to the evidence before it.

22. Hartford's adverse decisions are unreasonable, are not based on substantial evidence, are not the result of a deliberate, principled reasoning process, and constitute erroneous determinations.

23. Hartford did not maintain reasonable claim procedures or provide a full and fair review of Mr. Detig's claim as required by ERISA.

24. Instead, Hartford acted only in its own pecuniary interest and violated the Policy and ERISA through its unreasonable conduct described herein.

25. Hartford's unreasonable conduct includes, but is not limited to the following acts:

   a. designing the entire claim review process for the biased purpose of obtaining documentation to support a claim denial rather than adjudicating claims as a fiduciary;

   b. conducting a review of Mr. Detig's claim in a manner calculated to reach the desired result of denying benefits;

   c. consulting biased medical personnel whom Defendant suspected or knew would render opinions favorable to Defendant;

   d. ignoring competent evidence of Mr. Detig's disability and without any credible contrary evidence;

   e. failing to evaluate or adequately evaluate Mr. Detig's medical conditions;

f. failing properly to consider and credit the records and medical opinions of Mr. Detig's treating physicians without any credible contrary evidence or medical examination of Mr. Detig;

g. imposing requirements to receive benefits that are not required by the Policy; and,

h. ignoring Hartford's own internal medical literature, reference materials and claim procedures about evaluating Mr. Detig's medical conditions.

26. Hartford failed to meet its burden of proof that any coverage exclusion applies to Mr. Detig's claim.

27. Hartford had an inherent and substantial conflict of interest in administering Mr. Detig's claim, by virtue of the fact that Hartford is both the insurer of the Policy and payor of benefits, as well as the decision maker on whether benefits should be paid.

28. Accordingly, Hartford has a pecuniary interest in denying claims under the Policy.

29. Hartford's pecuniary interest in denying claims under the Policy extends to Mr. Detig's claim.

30. The Plan Administrator has not issued a valid plan document granting Hartford discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

31. Any purported discretionary clause is void by law.

32. The Court should review Hartford's adverse decisions on Plaintiff's claim under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

33. In the alternative, Hartford's adverse decision on Plaintiff's claim constitutes an abuse of discretion.

## CLAIM FOR RELIEF

34. Plaintiff incorporates by reference Paragraphs 1 through 33 above as if fully set forth below.

35. As more fully described above, Mr. Detig exhausted all claim review procedures and administrative remedies to the extent required.

36. As more fully described above, the conduct of Hartford and its denial and refusal to pay and provide Mr. Detig's benefits constitute a breach of its obligations under the Policy and ERISA.

37. Mr. Detig brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits and to enforce his rights under the Policy and ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*.

2. The Court may take and review the records and claim file(s) and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. Mr. Detig has been entitled to LTD benefits since the date of Hartford's denial and continuing through the entire time he remained disabled under the Policy;

4. Hartford's denial decisions shall be reversed and Defendant shall provide all LTD and any other benefits due to Plaintiff,

5. Plaintiff shall receive any further relief to which he is entitled to under the Policy, ERISA and otherwise;

6. Defendant shall pay to Plaintiff such prejudgment interest as allowed by law;

7. Defendant shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

8. Defendant shall pay attorney's fees for Plaintiff's counsel; and,

9. Plaintiff shall receive such further relief against Defendant as the Court deems lawful, just and proper.

Respectfully submitted, this 4th day of April, 2025.

/s/Rachel C. Matesic
Rachel C. Matesic
NC State Bar No.: 50156
Attorneys for the Plaintiff
The Sasser Law Firm, P.A.
1011 East Morehead Street, Suite 350
Charlotte, NC 28204
Phone: (704) 342-4200
Fax: (704) 342-0798
Email: rmatesic@sasserlawoffice.com